IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRIMO GURRUSQUIETA, #48620-177, | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-1427-D-BK |
| | § | (Criminal No. 3:14-CR-437-D-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge.  Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the motion be summarily **DISMISSED WITH PREJUDICE** as meritless.

**I. BACKGROUND**

Movant pleaded guilty to possession of a controlled substance with intent to distribute. *See* Crim. Doc. 40.  Because he had a prior Texas conviction for possession of between 50 and 2,000 pounds of marijuana, three points were added to his criminal history score.  Crim. Doc. 32 at 8.  And the Court used that score, in turn, to calculate his sentence under the United States Sentencing Guidelines ("U.S.S.G.").  Crim. Doc. 32 at 8.  Movant's resulting Guideline sentencing range was between 108 and 135 months in prison.  *See* Crim. Doc. 41.  The Court sentenced him to 87 months in prison with three years of supervised release.  *See* Crim. Doc. 40.

Movant did not appeal.  His 28 U.S.C. § 2255 motion claims only that his prior Texas conviction is no longer a "controlled substance offense" after *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017).  *See* Doc. 2 at 4.

## II. ANALYSIS

Movant's reliance on *Tanksley* is misplaced for at least two reasons.  First, *Tanksley* involved the career offender enhancement under U.S.S.G. § 4B1.1.  *See* 848 F.3d 352-53 (holding that a prior Texas conviction for possession with intent to deliver a controlled substance was no longer a controlled substance offense under § 4B1.1).  But Movant was not sentenced as a career offender.  So *Tanksley* has no application here.  *See, e.g.*, *Reeves v. United States*, No. 4:17-CV-268-O (N.D. Tex. Dec. 4, 2017) (holding that the movant's reliance on *Tanksley* was misplaced because his prior Texas offense was not used to enhance his sentence under U.S.S.G. § 4B1.1); *see also Mendieta v. United States*, No. A-14-cr-192 (1)-SS, 2017 WL 3401520, at *2 (W.D. Tex. Aug. 8, 2017) (same).  Second, and more fundamentally, Movant's claim is a head on attack of the Court's application of the U.S.S.G—a claim that he may not raise in this collateral proceeding.  *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* (citation omitted).  Because Movant relies on *Tanksley* only to show that the Court erred in calculating his Guideline sentence, his claim is not cognizable here.  *See, e.g.*, *Fisher v. United States*, No. 4:17-CV-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis*, *Hinkle*, and *Tanksley*" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-CV-268-O (N.D. Tex. Dec. 4, 2017) (same).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28

U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.[1]

**SIGNED** December 8, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").